**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHEIKH MOHAMMAD MAHMUD, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 12-70157 Agency No. A077-294-479 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Sheikh Mohammad Mahmud, a native and citizen of Bangladesh, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision finding him removable.  We have jurisdiction

under 8 U.S.C. § 1252.  We review de novo questions of law and for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Haile v. Holder*, 658 F.3d 1122, 1125 (9th Cir. 2011). We deny the petition for review.

The agency correctly admitted into the record Mahmud's former U.S. citizen spouse's testimony and prior sworn statements that their marriage was fraudulent and that she married Mamud in exchange for money, and an immigration agent's testimony regarding her prior statements. *See id.* at 1128 ("The sole test for admission of evidence [in immigration proceedings] is whether the evidence is probative and its admission is fundamentally fair." (citation omitted)). The record belies Mahmud's contention that his ex-wife's statements were not given voluntarily, where she voluntarily testified at his hearing in support of her prior statements.

Substantial evidence supports the agency's determination that Mahmud is removable under 8 U.S.C. § 1227(a)(1)(A) for being inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) at the time of his admission to the United States due to his having procured his admission through a fraudulent marriage, where the government presented clear and convincing evidence that Mahmud did not intend to establish a life with his ex-wife at the inception of their marriage. *See Nakamoto v. Ashcroft*, 363 F.3d 874, 882 (9th Cir. 2004) ("In deciding whether [a petitioner] entered into her marriage for the purpose of procuring her admission as an

immigrant to the United States, the focus of our inquiry is whether [the petitioner] and [her spouse] intended to establish a life together at the time they were married.").

**PETITION FOR REVIEW DENIED.**